# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MARCH 1999 SESSION

FILED

June 4, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| JERRY E. BRITT, | ) | C.C.A. 03C01-9806-CR-00208 |
| | ) | HAMBLEN COUNTY |
| | ) | |
| Appellant, | ) | Hon. James E. Beckner, Judge |
| | ) | |
| vs. | ) | (POST- CONVICTION) |
| | ) | No. 97-CR-213 |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

WILLIAM A. ZIERER
124 West Main Street
P.O. Box 1276
Morristown, TN 37816-1276

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH B. MARNEY
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Bldg.
Nashville, TN 37243

C. BERKELEY BELL, JR.
District Attorney General
109 South Main Street, Ste 501
Greeneville, TN 37743

VICTOR J. VAUGHN
Assistant District Attorney
Hamblen County Justice Ctr.
Morristown, TN 37814

OPINION FILED:_____

REVERSED

CORNELIA A. CLARK
Special Judge

## OPINION

The appellant, Jerry Britt, appeals the denial of his petition for post-conviction relief. The trial court dismissed the petition without a hearing because it found the allegations to be unfounded. Upon review, we reverse the judgment of the trial court and remand the case for further proceedings.

An understanding of the unusual procedural history of this case is necessary to the decision we reach. We are hampered in reciting that history because of this originally pro se appellant?s failure to include in the record all relevant documentation.

On November 19, 1996, the petitioner pled guilty to three counts of attempted rape of a child, a Class B felony; seven counts of possession of methamphetamines, a Schedule II controlled substance, with intent to sell or deliver, a Class C felony; and one count of possession of a Schedule IV controlled substance, a Class D felony. As part of the agreed disposition, he received sentences of twelve years, six years, and four years respectively as to each count of each class. The twelve-year sentences were run concurrent to one another and to the four-year sentences, but consecutive to the six year sentences, each of which was run consecutive to the others. The total effective sentence was forty-eight years.[1]

On August 26, 1997, petitioner filed a pro se petition for post-conviction relief.[2] On August 28 the District Public Defender was appointed to represent the appellant. The matter was set for hearing November 14. The affidavit of Edward H. Moody, assistant public defender, reflects that by letter dated October 27, 1997, appellant requested an enlargement of time, or, if necessary, the right to dismiss and refile his petition. By order dated

_____

[1] No judgment orders have been made part of the record. The transcript of the guilty plea proceeding is not completely clear as to case numbers, but does contain adequate information about the length of each sentence.

[2] This pleading has not been included in the record.

2

November 5, 1997, the court dismissed the petition without prejudice to a timely refiling.

On November 10, 1997, petitioner filed a new pro se petition for post-conviction relief. On February 9, 1998, the trial court entered an order appointing the District Public Defender to represent the defendant.

On March 5, 1998, defendant wrote a letter to his counsel purporting to discharge him from further representation. On March 20, 1998, the trial court relieved the District Public Defender from further representation. By order dated March 30, 1998, reflecting a hearing date of March 27, the court dismissed the petition without appointing alternate counsel and without conducting a hearing. The order reflects, however, that the court did consider the petition for post-conviction relief, the answer of the State, and the transcript of the guilty plea hearing of November 19, 1996. This transcript was made an attachment to the order.

Appellant contends primarily that he was denied effective assistance of counsel at his guilty plea hearing because he was not advised specifically of the consequences of his guilty plea - that he would receive a forty-eight year sentence and that he might not be eligible for parole after service of thirty percent (30%) of that part of the sentence related to the attempted rapes. He asserts his understanding that his sentence would be only fifteen years. Pursuant to Tenn. Code Ann. ?40-30-209, the trial court is obligated to review the entire case after the state files an answer to a petition. Once the court has completed its review, if it determines that a petitioner is not entitled to relief, the court shall dismiss the petition. Id.

The transcript of the guilty plea hearing clearly reflects that the trial court fully explained to and advised the appellant about all of his constitutional rights. In addition, the trial court explained the nature of an Alford plea and

various sentencing matters.[3] The state provided a full summary of evidence against the

---

[3] Appellant admitted his guilt on the drug charges. As to the attempted rape charges, he entered a plea of best interest under North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed. 2d 162 (1970).

petitioner. The court specifically addressed with the defendant the possibility that he would have to serve his entire sentence. Defendant affirmatively responded to all the trial court?s questions, including those concerning his satisfaction with his counsel?s representation.

After reviewing the transcript we are convinced that most of appellant?s contentions are without merit. The requirements of Rule 11, Tenn. R. Crim. P., State v. Mackey, 553 S.W. 2d 337 (Tenn. 1977) and State v. McClintock, 732 S.W. 2d 268 (Tenn. 1987), were met. The judge properly advised the appellant of all of his rights and made a determination that he understood those rights. The trial court also discussed thoroughly with the appellant the nature and length of his sentences, and the effect of his plea of guilty to attempted rape of a child. Information was presented to the court about the inconsistency of the victim?s statements. Appellant?s counsel then stipulated the accuracy of the statement of facts.

However, appellant also asserts, though inarticulately, that his counsel was ineffective in failing to investigate fully all issues pertaining to the case, including the veracity of the rape victim. He asserts that that lack of information made him unable to make an informed decision about whether to enter a guilty plea. His plea to rape was clearly one of best interest under North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L.Ed. 2d 162 (1970). Unless otherwise prohibited by law, appellant is entitled to a hearing to present fully the facts relevant to this allegation.

Additionally, the record is not clear about the reason the trial judge permitted appointed post-conviction counsel to withdraw merely because appellant expressed his displeasure with counsel. The record also is not clear about why, since the court initially found that appointment of counsel and a hearing was necessary, a contrary determination was made later.

We believe the appellant should have new counsel appointed and should be given an evidentiary hearing so that he will have the opportunity to try to prove his allegation that his original trial counsel did not properly investigate his case, as well as any other allegation that new counsel may determine is appropriate.

---

4

We readily acknowledge that the appellant may have a difficult time proving his allegations by clear and convincing evidence, as the Act requires him to do. Tenn. Code Ann. ?40-30-210(f). However, because his petition was filed in a timely fashion without the assistance of counsel and the Act contemplates only one opportunity to raise all post-conviction issues, we believe the Post-Conviction Procedure Act gives appellant the opportunity to be heard.

The judgment of the trial court dismissing the post-conviction petition is reversed and this case is remanded for further proceedings.

_____
CORNELIA A. CLARK
SPECIAL JUDGE

CONCUR:


_____
GARY R. WADE
JUDGE


_____
NORMA M. OGLE
JUDGE

**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MARCH 1999 SESSION**

| | | |
|---|---|---|
| **JERRY E. BRITT,** | ) | **C.C.A. 03C01-9806-CR-00208** |
| | ) | **HAMBLEN COUNTY** |
| | ) | |
| **Appellant,** | ) | **Hon. James E. Beckner, Judge** |
| | ) | |
| **vs.** | ) | **(POST CONVICTION)** |

|                      | )    | No. 97-CR-213 |
|----------------------|------|---------------|
| **STATE OF TENNESSEE,** | )    |               |
|                      | )    |               |
| **Appellee.**        | )    |               |

## JUDGMENT

Came the appellant, Jerry Britt, pro se and also came the attorney general on behalf of the State, and this case was heard on the record on appeal from the Circuit Court of Hamblen County; and upon consideration thereof, this court is of the opinion that there is reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is REVERSED, and the case is remanded to the Circuit Court of Hamblen County for further proceedings consistent with this opinion.

It appears that the appellant is indigent.  Costs of this appeal will be paid by the State of Tennessee.

**PER CURIAM**

Gary R. Wade, Judge
Norma M. Ogle, Judge
Cornelia A. Clark, Special Judge